## BROUSSARD vs. DUHAMEL.

APPEAL from the court of the fifth district.

MATHEWS, J.* Delivered the opinion of the ocurt. In this case the plaintiff sues for the recovery of a certain tract of land, in the possession of the defendant : who pleads in his answer the general issue and also inserted therein a prayer that his immediate vendors should be cited in warranty, &c. They, on coming in pleaded the general issue and title to the property supported by the prescriptions of ten and thirty years, and cited their vendors in warranty, &c. whose answer makes no change in the defence of the suit, neither does the answer of others cited in the same manner make any. In the course of the trial in the court below exeeptions were taken to the admissibility of testimony offered in the cause. We have carefully examined all the bills of exception as contained in the record, and find no error in any of the opinions of the judge *a quo*, by which he admitted the evidence complained of: however he may have erred in the inferences drawn from said testimony. It appears to us that there is only one of those exceptions, on which a shadow of doubt can rest,

When the witness has an interest in the question to be determined and none in the event of the suit, the objection goes to his credibility, not to his competency.

Purchasers under the same title, without partition, cannot prescribe against each other, by the lapse of ten years.

3ns 11
51  121

*PORTER, J. did not join in this opinion, having been of counsel in the cause.

that which relates to the indirect interest of the witnesses. But we are of opinion that their interest is only in the question, not in the event of the suit, and is applicable to their credibility, not to their competency. Having thus disposed of the bills of exception; it becomes necessary, for us to extract from the mass of testimony sent up in the record, such facts, as are required, fairly to investigate and justly to decide on the claims of the parties.

The evidence of the case shews that both plaintiff and defendant claim the property in dispute under the same original title; a concession or grant to Ledée's. After his death, his succession was sold by competent authority. Amongst other things belonging thereto was a tract of land containing eighty arpens front on the eastern side of the bayou Teche, which was sold out to purchasers in parcels, of from ten to twelve arpens front; begining the sale at the upper limit of said original tract, adjoining the land of Declouet, and continuing to sell down to the boundary of the land of one Le Beau, who held by grant from the then existing government of the province of Louisiana; but whether his concession was older or younger than that of Ledée, is not shown by

the evidence. At this sale the plaintiff became the purchaser of several of these parcels, and has since acquired title from others who purchased, so as now to claim 42 arpens in front; three of which (as it appears by the return of the surveyor, who was ordered by the district court to make the survey of the premises in dispute,) on the lower side, are now in possession of the defendant; who derives title from a purchaser at said public sale, who bought ten arpens immediately adjoining below the above mentioned forty two. It does not appear that the land of Ledée's succession, thus sold, was ever regularly and entirely laid out and partitioned, amongst all the purchasers, in conformity with the proces-verbal of the sales. Some time after said sale, one or two of the buyers procured to be set apart for them so much of said original grant as they supposed to be their portions, by a surveyor named Gonsoulin; who fixed metes and boundaries, for which the warrantors of the defendant now contend; and on which they rest their title, and claim by prescription. These limits, it further appears from the evidence, were located and marked in the presence of several of the claimants by purchase at the sale of the succession of Ledée, and

amongst whom the vendor, to the plaintiff was present, when the land was laid off to him as above stated, and also the person who claimed the adjoining ten arpens below: and that these two tracts or parcels of land had been held, possessed and occupied according to these limits, for upwards of ten years previous to the commencement of this action, On this possession accompanying the location of their claims, which placed within the limits of the tract claimed by the defendant, the land now in dispute, he claims title in virtue of the prescription of ten years. Whether the original or first purchasers of the land from Ledée's succession be considered as tenants in common, or co-proprietors of the whole part sold to them without real and fixed limits, or be viewed in the light of separate and distinct proprietors, each of the parcel which he purchased by a certain quantity of front on the bayou, easily to be ascertained by the mode of sale adopted by the officers who effected it, as they fixed the limit from which the first parcel was to commence; the result of the present dispute would in our opinion be the same. If they held in common, no one of the co-proprietors could acquire title to any particular part

of the common property, except by regular partition between all those who were interested. If their claims were so separated, by imaginary limits, as to give a separate interest and title to each individual to a certain parcel, designated by beginnings and quantity in front, then neither of them could justly pretend title to any portion of the whole part beyond, or different from, the particular part sold to him by these unmarked limits expressed in the proce-verbal of the sale, unless by regular purchase from the person who had acquired title by the probate sale. It is not shewn on the part of the defendant that the persons, under whom he claims, ever acquired title by purchase, donation, or in any other way, from the person, to whom the land in dispute were stricken off at the public sale of Ledée's succession. The title on which they presume to bottom the ten year prescription, is founded solely on the surveys and limits fixed by Gonsoulin. Surveying land, and placing boundaries, by the request of parties who have evidently mistaken the proper location of their titles, ought not to destroy the rights of either party, or in any manner change their titles to the prejudice of either one, or the other. In other words, the

West'n Distric,
*Aug.* 1824.

BROUSSARD
*vs.*
DUHAMEL.

simple act of surveying, fixing boundaries, and taking possession in furtherance of such proceedings, cannot create a title.   Such possession might probably be a basis for the longest prescription.

But buying without title is no foundation for the long prescription.   We are of opinion that the defendant and his vendors have possessed the disputed premises in error, and without a title, under which they can profit by the prescription of ten years, and they have not acquired by that of thirty years.   The error which appears to have taken place in the location of the titles acquired by the purchaser at the sale of Leée, and which seems to have remained unrectified in the hands of all subsequent holders, was occasioned by the conduct of the parties, and the surveyor, in commencing the actual division of the land at Le Beaus's line below, instead of that of De Clouet above, the point established by the terms of the original sale.   If the true principles of that sale had been pursued in locating the titles of the buyers, error and conflict of claims would have been avoided.

Upon a view of the evidence and law of the case, we are unable to discover any thing

which can materially distinguish it from that of *Babineau* vs. *Cormier*, adjudged at the last term of this court. *Vol.* 2, 666.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be avoided, reversed and annuled ; and it is further ordered, adjudged and decreed that the plaintiff do recover from the defendant, three arpens in front by the ordinary depth of forty, being the land claimed by the former in this suit and that which is really in dispute between the parties, as appears by the evidence in the cause, and the survey and plat of the surveyor Johnston, made and executed by order of the court below, with costs in both courts. And it is further ordered, adjudged and decreed, that the case be remanded to the district court for the purpose of assessing damages against the warrantors.

*Simon & Baker* for the plaintiff. *Brownson* for the defendant.